**Robert H. BEAUMONT, et al., Plaintiffs,**

v.

**Verne ORR, Secretary of the Department of the Air Force, et al., Defendants.**

Civ. A. No. 83–2246.

United States District Court, District of Columbia.

Jan. 10, 1985.

Paul A. Kiefer, Kiefer & Morrison, Washington, D.C., for plaintiffs.

Richard A. Stanley, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

The plaintiffs in this action are twenty-nine dentists, all currently serving as Dental Officers with the United States Air Force. Plaintiffs challenge defendants' position that the plaintiffs are ineligible for "continuation pay" as provided for by 37 U.S.C. § 311 and applicable Department of Defense and Air Force regulations. This case is presently before the Court on defendants' motion to dismiss under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Upon consideration of defendants' motion and plaintiffs' opposition thereto, and after hearing oral argument on the motion, the Court concludes that this action must be dismissed.

### Background

Each of the plaintiffs in this action received his dental education and training under a fully-funded program sponsored by the United States Air Force. Under this program, as governed by Air Force Regulation (AFR) 36–13, all of the plaintiffs were commissioned Medical Service Corps officers while in dental school, receiving a salary while they pursued their education. In addition, all expenses for tuition, fees and books were paid for by the Air Force. In exchange for this dental training, the plaintiffs committed themselves to the Air Force for three months for each month of their education. Plaintiffs acknowledge that as a result of their participation in the fully-funded educational program, they incurred an Active Duty Service Commitment ("ASDC") with the Air Force of approximately nine years.

All of the plaintiffs successfully completed dental school under the Air Force program. Consequently, upon graduating, all of the plaintiffs were recommissioned in the Air Force as Dental Officers, and continue to serve in that capacity. As a result of being recommissioned as Dental Officers, plaintiffs incurred an ASDC of four years, which may be completed concurrently with their nine year ASDC for dental training. AFR 36–13; 36–51.

Plaintiffs have now all served as Dental Officers for at least four years, and challenge the Air Force' position that they are ineligible for "continuation pay" until after completion of their approximately nine year ASDC for dental training. Continuation pay is a statutorily authorized bonus that may be given to selected military dentists in exchange for their agreement to remain in the military. The statutory provision for continuation pay specifically states:

Under regulations to be prescribed by the Secretary of Defense, an officer of the Army or Navy in the Dental Corps or an officer of the Air Force who is designated as a dental officer who—

(A) is serving on active duty in a critical specialty designated by the Secretary of Defense;

(B) *has completed his initial active-duty obligation;* and

(C) executed a written agreement to remain on active duty for at least one additional year;

may be paid not more than four months' basic pay ... when he executes that agreement for each additional year that he agrees to remain on active duty....

37 U.S.C. § 311 (emphasis added).

The Department of Defense Directive that implements the continuation pay statute with respect to dentists has consistently defined a dental officer's "initial active duty service obligation" as the "first obligation to serve on active duty for a specified period of time imposed on Medical or Dental Corps officers by a law other than ... [37 U.S.C. § 311] or imposed by a regulation issued by the Secretary of Defense or the Secretary of a Military Department.

*See* DOD Directive 1340.8 [hereinafter "the DOD directive"]. Likewise, with one exception which is not the source of plaintiff's challenge here, the Air Force Regulations implementing DOD directive 1340.8 have consistently embodied essentially the same definition of initial active duty service requirement. AFR 36–8.[1]

In this action, plaintiffs contend that the Air Force has erroneously interpreted the definition of initial active duty service requirement contained in the DOD directive and Air Force regulation to require them to complete the nine year ASDC incurred as the result of their dental education before regarding them as eligible for continuation pay. Plaintiffs argue that their first obligation to serve on active duty imposed on them as "Medical or Dental Corps Officers" is the four year ASDC they incurred as the result of being commissioned as a Dental Officer *after* graduation, not the nine year commitment incurred over the course of their education while they were commissioned as Medical Service Corps officers.

Although plaintiffs' complaint purported to seek a determination that plaintiffs are *entitled* to continuation pay, in their opposition to defendants' motion to dismiss, and at the hearing conducted on defendants' motion, plaintiffs clarified that their actual requested relief is a determination that they should be recognized as among those *eligible* to receive continuation pay. Clearly neither the continuation pay statute itself, 37 U.S.C. § 311, nor any of the De-

partment of Defense or Air Force Regulations promulgated under that statute could be construed to create any entitlement to continuation pay. Section 311 places complete discretion as to the existence and structure of a continuation pay program with the Department of Defense. 37 U.S.C. § 311(a). The DOD directive implementing section 311 further preserves the discretionary nature of continuation pay, providing that the Secretaries of the various Military Departments shall *select* Dental Corps Officers to receive continuation pay from among those who meet certain minimum eligibility requirements. DOD Directive 1340.8. The Air Force Regulations, in turn, provide that those officers to receive continuation pay will be selected by a Continuation Pay Selection Board from among the eligible pool of applicants. AFR 36–8.

■ In light of the fact that plaintiffs can assert no *entitlement* to continuation pay, they cannot purport to state a claim for money damages against the United States cognizable under the Tucker Act, 28 U.S.C. § 1346. *Adair v. United States*, 648 F.2d 1318, 1322–23 (Ct.Cl.1981) (statute allowing payment of incentive bonuses to Public Health Service Physicians upon selection by medical board totally discretionary statute not giving rise to Tucker Act claim).[2]

■ The only issue properly before this Court, therefore, is whether the defendants' determination that the plaintiffs are

---

**1.** Defendants concede that the June 8, 1973 version of AFR 36–8 inexplicably defined initial active duty service obligation as "the obligation imposed on Medical Corps and Dental Corps officers by the Military Selective Service Act to serve on active duty for 24 months." The December 5, 1974 version of AFR 36–8 restored the definition to that provided in the statute and the DOD directive. Although plaintiffs' opposition to defendants' motion to dismiss addressed this discrepancy, asserting that the June 8, 1973 version was in effect at the time most of the plaintiffs signed dental school training agreements under the fully funded program, the complaint clearly did not seek relief based on any reliance by the plaintiffs on the June 1973 version of the regulation. Moreover, as discussed more fully below, under no version of the regulations have

Air Force dentists ever had an *entitlement* to continuation pay. Consequently any claim that had been asserted based on alleged detrimental reliance on the June 1973 version of AFR 36–8 would not have been well taken.

**2.** Under the Federal Courts Improvement Act of 1982, all Tucker Act claims are reviewable exclusively by the United States Court of Appeals for the Federal Circuit. The Federal Circuit has adopted all decisions of the former Court of Claims rendered on or before September 30, 1982 as its precedents. *See South Corporation v. United States*, 690 F.2d 1368 (Fed.Cir.1982). Accordingly, this Court regards *Adair* as binding authority on this issue.

not *eligible* for continuation pay is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). Plaintiffs' burden on this issue is a considerable one. Although decisions of military agencies are susceptible to judicial review, the federal courts have afforded the military great deference in terms of its exercise of discretion over internal personnel and management matters. *Dilley v. Alexander,* 603 F.2d 914, 919–20 (D.C.Cir.1979). Consequently, our inquiry is limited to a review of whether the defendants' policy complained of here was blatantly contrary to the statutes and regulations governing the Air Force, or inexplicably arbitrary and capricious.

■ Each of the plaintiffs in this action initially applied for continuation pay, and was determined to be ineligible because he had not completed his nine year ASDC incurred as the result of fully-funded training. All but three of the plaintiffs then appealed to the Air Force Board for the Correction of Military Records (AFBCMR), which denied the request to delete the completion of the nine year ASDC as a requirement for receiving continuation pay.[3] Both the initial determinations of ineligibility and the decisions of the AFBCMR have been based on the position set forth in two decisions of the Air Force Judge Advocate General, rendered in 1978 and 1983 at the request of the Office of the Surgeon General. In each case, the opinion returned to the legislative history of the continuation pay statute, 37 U.S.C. § 311, in concluding that the only reasonable interpretation of "initial active duty service obligation" in light of Congress' intent in authorizing continuation pay would be to require completion of the ASDC incurred as the result of

basic dental training. The May 16, 1983 opinion stated:

> In enacting 37 U.S.C. § 311, Congress intended continuation pay to be a tool employed only when absolutely necessary to alleviate critical shortages of physicians or dentists in certain specialties. Congress recognized the difficulty in retaining doctors in the service beyond the first term of obligated service. The Act clearly intends to provide a mechanism to retain officers who otherwise are free to leave the service. The officers ... [who received their dental training under the full-sponsored program] are already obligated to remain in the service beyond the point at which you propose authorizing continuation pay ... by reason of their voluntarily incurred initial term of obligated service. We do not believe Congress intended this group to qualify for continuation pay.

To challenge the defendants' position, plaintiffs make no attempt to offer counter-arguments based on the legislative history of the continuation pay statute. Instead, plaintiffs rely exclusively on their own literal interpretation of the definition of initial active duty service requirement set forth in the DOD directive and the AFR 36–8. Plaintiffs argue that the first obligation to serve on active duty imposed on them *as* Dental Officers was the four year requirement incurred upon being recommissioned *as* Dental Officer *from* a Medical Service Corps Officers after graduation. In essence, plaintiffs argue that because they were not Dental Officers at the time they were incurring their ASDC for dental training, their dental training commitment should not be considered for purposes of the continuation pay statute. This Court regards the plaintiffs' position as placing undue emphasis on the choice of words used to define initial active duty obligation

---

**3.** Although three of the plaintiffs did not pursue their claim with the AFBCMR, the Court nevertheless finds that they have appropriately exhausted their administrative remedies given the defendants' well-established position on the issue involved here. *See, e.g., Porter County*

*Chapter of Izaac Walton League, Inc. v. Costle,* 571 F.2d 359, 363 (7th Cir.) (court may find that party need not exhaust administrative remedies if to do so would be futile), *cert. denied,* 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 130 (1978).

in the DOD directive and Air Force regulation, without adequate consideration of the overall intention of the continuation pay program.[4]

This Court has independently reviewed the legislative history of 37 U.S.C. § 311 and concludes that the opinion of the Air Force Judge Advocate General accurately reflects the intention of Congress in authorizing continuation pay. *See e.g.*, S.Rep. No. 808, 90th Cong., *reprinted in* 1967 U.S.Code Cong. & Ad.News 2316; S.Rep. No. 1614, 90th Cong., 2nd Sess., *reprinted in* 1968 U.S.Code Cong. & Ad.News 4365. Given that Congress intended continuation pay to be a means for the military to induce valuable medical professionals to remain in the service when *current* needs for such individuals exist, the Court cannot find error with the defendants' interpretation and implementation of the continuation pay statute. Consequently, plaintiffs have failed to sustain their burden of demonstrating that defendants' interpretation of the continuation pay statute is arbitrary, capricious, or otherwise not in accordance with law.

Accordingly, it is this 10th day of January, 1985,

ORDERED that defendants' motion is granted, and this action is hereby dismissed.

---

**4.** The Court notes that it is only the DOD directive and AFR 36–8 which have defined initial active duty service obligation as the "first obligation to serve on active duty for a specified period of time *imposed on Medical or Dental Officers.*" The underscored language, which in effect constitutes the entire basis of plaintiffs' claim, is not contained in the continuation pay statute itself, which simply states that an applicant for continuation pay must have completed his "initial active-duty obligation." 37 U.S.C. § 311.